Opinion issued June 8, 2006
















In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00727-CR




DENNIS JOE PHARRIS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 1031225




 
 
CONCURRING OPINION
          I concur in the judgment. I write separately to address the State’s mootness
argument and to clarify this Court’s jurisdiction over this appeal. Appellant timely
appealed from a habeas corpus hearing held on July 15, 2005, in which appellant’s
bail was set by the trial court at $2,500,000. The State argued that the appeal should
be dismissed as moot because on September 29, 2005, after the appeal was filed, the
trial court consolidated the original cases against appellant, held another bond
hearing, and issued an order on October 11, 2005 reducing appellant’s bail to
$1,000,000. 
          The State argued that the trial court’s reduction in appellant’s bail from $2.5
million to $1,000,000 on October 11 acted to moot appellant’s appeal. The panel
opinion fails to address this argument. I believe it is important to address the State’s
mootness argument and to emphasize that the October 11 order did not moot the
pending appeal. This Court had jurisdiction over the appeal prior to entry of the
October 11 order, it did not lose jurisdiction because of the entry of that order, and
appellant’s supplementation of the record with the October 11 order merely entitled
this Court to consider that order in addition to the matters already properly before it. 
          The State notes that it made a similar mootness argument before the Court of
Criminal Appeals and that it was rejected there. See Pharris v. State, 165 S.W.3d
681, 689 (Tex. Crim. App. 2005). The State is correct. Its mootness argument
effectively asks us to contravene the Court of Criminal Appeals’ holding in Pharris
that the practice about which appellant was complaining in his direct appeal—namely
the State is continuing to file new charges and seek new hearings on his bail without
either trying him or setting a bond he can make—does not moot a pending appeal. 
See id. at 688–89. The Court of Criminal Appeals not only rejected that mootness
argument, it admonished the State for its “stratagem of serial charging at sixty-days
intervals,” further noting that such prosecutorial strategy “may not be used as a
subterfuge to imprison a citizen who, though accused of crime, is still presumed
innocent under the law.” Id. at 689. Thus, to the extent the panel opinion may be
construed as attributing our jurisdiction solely to the supplementation of the appellate
record with the October 11 order, I wish to make clear that any such construction of
our jurisdiction would be incorrect. 
          As the Court of Criminal Appeals stated in Pharris, a case that is moot is non-justiciable. Id. at 687. However, there is an exception for cases presenting issues that
are ‘capable of repetition but evading review.’ Id. at 688. Both the Texas Court of
Criminal Appeals and the United States Supreme Court have held that 
          [T]he “capable of repetition but evading review” doctrine [is]
limited to the situation where two elements combine: (1) the challenged
action was in its duration too short to be fully litigated prior to its
cessation or expiration, and (2) there was a reasonable expectation that
the same complaining party would be subjected to the same action again. 
Id. (quoting Weinstein v. Bradford, 423 U.S. 147, 149, 96 S. Ct. 347, 349 (1975)). 
In determining that the practice challenged by appellant in this case survives a
mootness challenge, the Court explained:
Under the Texas Constitution, a “no bond” order filed in a non-capital
felony case committed while the defendant is on bail for a prior felony
for which he has been indicted is automatically set aside after sixty days
unless the defendant requests a continuance. Sixty days is normally too
short a time period in which to fully and fairly litigate a “no bond” order
even though that “appeal shall be given preference by the Court of
Criminal Appeals.” The clock begins ticking from the date of the
hearing, and keeps ticking during the filing of the clerk’s and reporter’s
records and the briefs by both the State and defendant, the submission
of the case to this Court, and issuance of an opinion by the Court. 
Through no fault of the defendant, the “no bond” order in this case
expired more than a month before the case was formally submitted to
this Court. The delay cannot be attributed to Mr. Pharris. This case
meets the first prong of the exception.
 
This case also meets the second prong of the exception because the
prosecutor stated on the record during the most recent “no bond” hearing
that “there are going to be more charges,” and “[w]e’ll file those other
cases as soon as we can get them together. There are going to be many. 
It is going to be a lot.” Given the documented history thus far, there is
a reasonable expectation that the State will continue to file additional
charges against Mr. Pharris and continue to request “no bond” orders.

Id. at 688–89 (citations omitted). 
          After this appeal was filed, the State continued the practice complained of in
Pharris. Specifically, on September 29, 2005, the State filed a combined charge
against appellant and obtained an indictment, whereupon the trial court held a new
bond hearing in October 2005, and, by its order of October 11, reduced appellant’s
bond to $1,000,000—an amount appellant still could not meet according to the
evidence in the appellate record. Appellant properly appealed from the order on the
July 15, 2005 hearing setting appellant’s bail at $2,5000,000 and supplemented the
record with the October 11 order. Under both the law of the case and controlling law
as stated in Pharris, this appeal is not moot.
 


                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Nuchia, Keyes, and Hanks.
Justice Keyes, concurring.